KINGSLEY v. UNION BRIDGE CO.

(Circuit Court, N. D. New York. May 2, 1893.)

No. 5,824.

PATENTS FOR INVENTIONS—NOVELTY—INFRINGEMENT—REISSUED LETTERS PATENT No. 11,001.

In reissued letters patent No. 11,001, dated April 30, 1889, for improvements in dies for making eye bars, a lower die section is employed, which is triangular in cross section, and is rigidly supported on a base. The upper die section is recessed upon its under side, to coincide with the angular face of the lower section. The heated bar coming from the rolls is laid on the lower section. Power is then applied to the upper section, causing the metal to be bent into angular form, so as to lap the angular faces of the lower triangular section, the angular bend being made for the purpose of keeping the bar straight during the process of upsetting. *Held* that, in view of the state of the art, the patent must be confined to the only novel feature, viz. the triangular die section for bending the bar into angular form for the purpose mentioned; and that, as so construed, a die which forms a longitudinal rib for the purpose of holding the bar straight during the process of upsetting does not infringe.

In Equity. Bill by John F. Kingsley against the Union Bridge Company for an alleged infringement of a patent. Dismissed.

Thomas J. Johnston, for complainant.
Walter D. Edmonds, for defendant.

COXE, District Judge. This action is founded upon reissued letters patent No. 11,001, dated April 30, 1889, for improvements in dies for making eye bars. The application for the reissue was filed February 11, 1889. The original, No. 357,833, was applied for October 26, 1886, and was granted February 15, 1887. The invention "consists in a die of peculiar construction, and also a frame provided with rollers upon which bears the former-head or other agency used for bringing the desired pressure upon the upper die section." In carrying out the invention a lower die section is employed which is triangular in cross section. This lower section is rigidly supported upon any suitable base. The upper die section is recessed upon its under side to coincide with the angular face of the lower section. The bar, as it comes from the rolls, is heated and laid upon the lower section of the die. Power is then applied to close the upper section upon the lower section, causing the metal to be bent into an angular form so as to lap the angular faces of the lower triangular section. This angular bend is for the purpose of holding the bar straight during the process of upsetting. It is this which is the marked feature of the patented structure, distinguishing it from the upsetting dies of the prior art.

The original patent had three claims. The reissued patent has thirteen claims. Of these all but the second and eighth are alleged to be infringed. Many defenses are urged, but it will be only necessary to consider one: The defense of noninfringement. The court is clearly of the opinion that a broad construction of the claims is impossible in view of the previous contributions made to the art by Webster, Cook and Carlough, and others. If the claims are confined to the single novel feature before alluded to, viz. the triangular die section for bending the bar into an angular form for the purpose of holding it straight during the process of upsetting, they may be sustained; but if expanded sufficiently to cover the defendant's structure, which does not bend the bar, they will be anticipated by several prior structures. The claims must be restricted to the invention which Kingsley actually made, and, when this is done, the defendant does not infringe.

It is unnecessary to examine the claims in detail for the reason that none of them contains sufficient novelty and ingenuity, apart from the special feature above alluded to, to support invention. Certainly a claim whose only novel feature is the application of a frame of antifriction rollers to an upsetting die cannot be sustained, as such rollers had long been used for similar purposes in many analogous arts. Regarding the seventh claim it should be noted —First, that there is no corresponding claim in the original for the special feature therein described, viz.: "The surfaces of the dies diverging from each other from the center outward;" second, that there is a claim for this feature, in combination with dies triangular in cross section, in patent No. 369,014, (reissue No. 11,025;) and, third, that Webster shows divergence in dies whose meeting faces are slightly convex. Assuming the claim to be valid it is clear that, like the others, it must be limited to the Kingsley die. The defendant does not use this die.

It is idle, in view of the facts disclosed by this record, to contend that Kingsley was a pioneer. He may have made an improvement, but this is all. His die does its work upon the old principle and in, substantially, the old way. It performs no new function and accomplishes no new result. If cheaper and better than the prior dies the record fails to disclose it. Kingsley may be entitled to protection for the advance made by him, and the claims of the reissue, if confined to the invention of the original, may be upheld. If, however, a construction broad enough to cover the defendant's die is placed upon the claims they will necessarily cover also several preceding dies. Such a construction is, of course, unwarrantable. The defendant's die resembles the Cook and Carlough and Webster dies more closely than the die of the patent. The defendant does not bend the bar into an angular form so as to lap the angular faces of the lower die section. In the defendant's die the lower section is not triangular in cross section. The upper section is not concave to coincide with the lower section, but both sections are slightly convex. The indentation of the bar upon the rib of defendant's lower die section, even though preliminary to upsetting, is not the equivalent for the bending of the bar by

the die of the patent. Such ribs were old when Kingsley entered the field, and he has taken pains to point out in his testimony the advantages of bending the bar by his process over the prior methods of holding the bar straight upon a longitudinal rib.

The bill is dismissed.